UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

KEMYA BRYANT,
    Plaintiff,

v.

ACCOUNTANTS TO YOU, *et al.*,
    Defendants.

Case No. 1:11-cv-534
Barrett, J.
Litkovitz, M.J.

**REPORT AND RECOMMENDATION**

This matter is before the Court following a July 24, 2012 hearing regarding plaintiff's motion for an extension of time. (Doc. 32). Attorney Steven Ray appeared on behalf of defendant Accountants To You and attorney Natalie McLaughlin appeared telephonically on behalf of defendant Omnicare, Inc. Plaintiff Kemya Bryant, proceeding pro se, failed to appear. For the reasons that follow, the undersigned recommends that this matter be dismissed for want of prosecution.

In August 2011, plaintiff initiated this discrimination action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, asserting that defendants unlawfully terminated her employment. (Doc. 3). The parties submitted their Fed. R. Civ. P. 26(f) report on November 29, 2011, outlining the areas of discovery and a submitting a proposed discovery schedule. (Doc. 19). A telephonic scheduling conference was held on December 19, 2011; counsel for defendants were present but Plaintiff failed to appear. (Doc. 20). Following the scheduling conference, a calendar order was entered setting the discovery closure date for June 25, 2012. (Doc. 21). Shortly thereafter, a telephonic status conference was set for January 10, 2012. (Doc. 22). Counsel for defendants appeared but, again, plaintiff did not. (Doc. 23).

Pursuant to a request by defense counsel regarding plaintiff's failure to provide responses to their discovery requests, an informal discovery conference was scheduled for April 26, 2012.

(Doc. 26). Counsel for defendants appeared telephonically and reported that plaintiff had failed to provide timely responses to their written discovery requests or cooperate with defendants in scheduling her deposition. Plaintiff did not appear at the conference and, consequently, the Court entered an order on April 27, 2012 ordering plaintiff to provide responses to defendants' written discovery requests on or before May 25, 2012 and meet and confer with defense counsel to schedule her deposition for the first week of June 2012. (Doc. 28). Plaintiff was put on notice that "her failure to abide this Court's order to adhere to these deadlines shall result in the recommendation for dismissal of this action for want of prosecution." *Id.*

On May 25, 2012, plaintiff filed a motion for an extension of time seeking to extend the discovery closure date, extend her deadline for providing discovery responses, and reschedule her deposition. (Doc. 32). In her motion, plaintiff represented that she had consulted with counsel for defendants and that counsel did not consent to an extension of time. *Id.* Both defendants filed responses in opposition and attached affidavits from defense counsel attesting that plaintiff had not sought their consent for a discovery extension and, accordingly, had misrepresented herself in her motion. *See* Docs. 33, 34. In order to address this dispute, the undersigned set a hearing for July 24, 2012. (Doc. 35). Again, plaintiff was put on notice that "her failure to appear in person at this hearing shall result in the recommendation for dismissal of this action for want of prosecution." *Id.*[1]

The hearing was held at 10:00 a.m. on July 24, 2012, as scheduled. Mr. Ray appeared in person on behalf of defendant Accountants To You and Ms. McLaughlin appeared telephonically on behalf of defendant Omnicare, Inc. Plaintiff did not appear at the hearing nor did she notify

---

[1] The docket indicates that both the April 27, 2012 order and order setting the July 25, 2012 hearing were sent to plaintiff's listed address via certified mail, but that both mailings were returned as unclaimed. (Docs. 31, 36). Notably, the address provided by plaintiff in her May 25, 2012 motion for an extension is the same address on file with the Court.

2

the Court that she would be unable to attend. In light of plaintiff's repeated failure to attend scheduled Court hearings and conferences and obey Court orders, the undersigned recommends that this matter be dismissed pursuant to Fed. R. Civ. P. 41(b) for plaintiff's failure to prosecute her lawsuit. *See Jourdan v. Jabe*, 951 F.2d 108, 109-10 (6th Cir. 1991). District courts have the power to *sua sponte* dismiss civil actions for want of prosecution to "manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1962). *See also Jourdan*, 951 F.2d at 109. Though plaintiff is proceeding pro se, as stated by the Supreme Court, "we have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel." *McNeil v. United States*, 508 U.S. 106, 113 (1993).

**IT IS THEREFORE RECOMMENDED THAT** plaintiff's case be **DISMISSED** for want of prosecution and for failure to obey an Order of the Court.

Date: 7/25/12

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

KEMYA BRYANT,
Plaintiff,

Case No. 1:11-cv-534
Barrett, J.
Litkovitz, M.J.

v.

ACCOUNTANTS TO YOU, *et al.*,
Defendants.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

4

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY | | |
|---|---|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X | ☑ Agent<br>☐ Addressee | |
| | B. Received by (Printed Name) | C. Date of Delivery | |
| 1. Article Addressed to:<br><br>Kemya Bryant<br>7126 Hirsch Drive<br>Apartment 235<br>Cinti, OH 45237 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No | | |
| | 3. Service Type<br>☑ Certified Mail ☐ Express Mail<br>☐ Registered ☐ Return Receipt for Merchandise<br>☐ Insured Mail ☐ C.O.D. | | |
| | 4. Restricted Delivery? (Extra Fee) | | ☐ Yes |
| 2. Article Number<br>(Transfer from service label) | 7002 3150 0000 8389 9166 | | |
| PS Form 3811, February 2004 | Domestic Return Receipt | | 102595-02-M-1540 |